1

2

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

4

PATRICK D. CUMMINS,

CASE NO.: 2:26-cv-133

5

PLAINTIFF,

6

vs.

7

U.S. ARMY CYBER COMMAND,

U.S. CYBER COMMAND, AND

8

NATIONAL SECURITY AGENCY,

9

DEFENDANTS.

10

11

**COMPLAINT**

12

13

14

15

16

17

18

19

20

21

22

# INTRODUCTION

1. This is an appeal of agency decisions denying Patrick D. Cummins' ("Cummins") requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The FOIA requests include information from sworn affidavits executed by ex-CIA paramilitary personnel. See, e.g., Exhibit 12.

2. This action seeks injunctive and other appropriate relief, including the timely release of all non-exempt agency records concerning a post-election audit of the 2024 United States General Elections ("the 2024 Elections").

3. This action also seeks recovery of attorney's fees for appealing Cummins' requests, per 5 U.S.C. § 552(a)(4)(E).

4. The United States General Elections have been the subject of ongoing demands for transparency and security since the founding of the United States.

5. Defendants, U.S. Army Cyber Command ("ARCYBER"), U.S. Cyber Command ("CYBERCOM"), and the National Security Agency ("NSA") have expressly adopted missions directed to protecting U.S. elections from interference from adversaries. See Exhibits 20-23.

6. ARCYBER is the U.S. Military's premier data-centric force of cyberspace experts that facilitate the U.S. Army's cyber operations around the globe. *Id.*

7. CYBERCOM facilitates the decisive dominance of the United States in cyberspace, ensuring the United States can withstand and respond to cyberattacks.

*Id.*

8. NSA devotes its efforts to disrupting and deterring any foreign adversaries' ability to interfere with and influence how U.S. citizens vote and how those votes are counted. *Id.*

9. This appeal challenges ARCYBER's, CYBERCOM's, and NSA's refusals to complete searches or to disclose documents in response to Cummins' FOIA requests ("the Requests").

10. The Requests seek non-exempt records, including final reports and communications regarding a post-election audit of the 2024 Elections.

11. Substantive decisions were not provided for Cummins' agency appeals.

12. Plaintiff asks the Court to review the record on appeal and compel Defendants to search for and disclose all responsive records.

13. Plaintiff also asks this Court to perform in-camera review of responsive records, and order pre-disclosure redactions, as this Court may deem fit.

14. Should any search not result in finding a responsive record, Plaintiff asks this Court to order Defendants to provide sworn affidavits attesting to the details of any searches performed. The details in the affidavits should include express identification of search strings, names of systems searched, other names of systems that were not searched but available for searching, and names of personnel attesting to the searches performed.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over the parties pursuant to 5 U.S.C. § 552 (a)(4)(B) because the Plaintiff, Cummins, resides in the Southern District of Ohio.

16. This Court also has subject matter jurisdiction pursuant to 5 U.S.C. § 552 (a)(6)(C)(i) and 28 U.S.C. § 1331.

17. Venue is proper in this Court pursuant to 5 U.S.C. § 552 (a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

18. Cummins is an attorney residing in Franklin County, Ohio.

19. Cummins has represented ex-CIA paramilitary personnel, including Adam M. Zarnowski ("Zarnowski"), in matters involving FOIA Privacy requests. See Exhibit 12.

20. ARCYBER, CYBERCOM, and NSA are Federal agencies within the meaning of FOIA, 5 U.S.C. § 552(f), and are believed to have possession, custody, or control of the records described in the Requests.

21. ARCYBER is headquartered at 930th 15th Street, Bldg. 61501, Fort Gordon, GA 30905.

22. CYBERCOM is headquartered at 9800 Savage Road, Suite 6171, Fort George G. Meade, MD 20755.

23. NSA is headquartered at 9800 Savage Rd., Suit 6272, Fort Meade, MD 20755.

## LEGAL STANDARDS

24. The FOIA requires Federal agencies, upon request, to make records "promptly available to any person," unless one or more specific statutory exemptions apply. See 5 U.S.C. § 552(a)(3)(A)

25. Federal agencies must provide the public records when they are requested in order "to ensure an informed citizenry, vital to the functioning democratic society." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

26. Federal District Courts have indicated that when a search yields no responsive records, the record custodian must prepare a detailed "no records" certificate or affidavit outlining what areas or offices were searched, and how the search was conducted (manually, by computer, searched terms used, and so on). The affidavit should not be simply conclusory.*Greenberg v. U.S. Dept. of Treasury*, 10 F.Supp.2d 3, 12-13 (D.D.C.1998) (citing *Steinberg v. DOJ*, 23 F.3d 548, 551 (D.C.Cir.1994)). See *Ferranti v. BATF*, 177 F.Supp.2d 41, 47 (D.D.C.2001) ("[a]ffidavits that include search methods, locations of specific files searched, descriptions of searches of all files likely to contain responsive documents, and names of agency personnel conducting the search are considered sufficient").

## INITIAL FOIA REQUEST TO ARCYBER

27. Each paragraph of the foregoing paragraphs 1-26 is repeated and incorporated

4

herein by reference as if fully set forth herein.

28. On August 4, 2025, the following FOIA request was submitted to ARCYBER ("ARCYBER Request") via usarmy.gordon.arcyber.mbx.foia-pa@army.mil. See Exhibit 1.

29. The ARCYBER Request includes a first subpart asking ARCYBER to search for and produce: "Final reports, assessments, or executive-level summaries prepared between January 1, 2024, and August 1, 2025 ('time period'), related to records or communications regarding post-election audits, 2024 presidential election certification reports, or voting system audit results." *Id*.

30. The ARCYBER Request includes a second subpart asking ARCYBER to search for and produce: "Communications, briefing materials, or talking points exchanged between U.S. Army Cyber Command (ARCYBER) and other federal entities (including but not limited to DoD, U.S. Cyber Command, DHS, ODNI, NSA, CIA, DOJ, or the White House) during the time period, regarding any foreign interference, election audits, or cybersecurity activity related to the 2024 U.S. Presidential election." *Id*.

31. The ARCYBER Request includes a third subpart asking ARCYBER to search for and produce: "All internal communications, including emails, Teams or Slack messages, text messages, calendar invitations, call transcripts, and draft documents, exchanged between U.S. Army Cyber Command (ARCYBER) staff

regarding post-election audits, 2024 presidential election certification reports, or voting system audit results, from November 5, 2024 to the present." *Id*.

32. The ARCYBER Request includes a fourth subpart asking ARCYBER to search for and produce: "All materials, such as paper documents or electronic documents, identifying an election audit, performed with ARCYBER, for the 2024 presidential election." *Id*.

33. The ARCYBER Request includes a fifth subpart asking ARCYBER to search for and produce: "All materials, such as paper documents or electronic documents, identifying an outcome of any election investigation, performed with ARCYBER, for the 2024 presidential election." *Id*.

34. The ARCYBER Request includes a sixth subpart asking ARCYBER to search for and produce: "All materials, such as paper documents or electronic documents, indicating the percentage vote shares, per candidate for the popular vote in the 2024 presidential election, would have been different had election fraud or election manipulation not occurred." *Id*.

35. The ARCYBER Request includes a seventh subpart asking ARCYBER to search for and produce: "All materials, such as paper documents or electronic documents, showing communications with anyone in the Trump, or the Biden, white house administration, regarding a federal investigation of fraud or manipulation affecting the outcome of the 2024 presidential election." *Id*.

36. Waiver of all duplication fees in accordance with 5 U.S.C. § 552(4)(A) was sought the ARCYBER Request was not of commercial interest, and disclosure of the records would be in the interest of protecting the public's right to vote, a right enshrined in the United States Constitution. See *Id.*, and also U.S. Const. amend. XIV, § 2 ("the right to vote").

37. On August 5, 2025 (11:53 AM), ARCYBER acknowledged receipt of the ARCYBER Request, and noting "[ARCYBER is] determining if [the] FOIA request belongs to ARCYBER." See Exhibit 2, pg. 1 (modified).

38. On August 5, 2025 (11:58 AM), Cummins responded that, "[w]e would object to this going to another agency." *Id.*, pg. 3 (modified).

39. On August 22, 2025, ARCYBER responded to the ARCYBER Request via email ("ARCYBER Response"), attaching a letter signed by ARCYBER FOIA Officer Syreeta D. Owens Chiles dated August 20, 2025. *Id.*, pg. 3.

40. ARCYBER assigned the ARCYBER Request Control Number: RP-25-034575, and Activity Control Number: FA-25-0021. See Exhibit 3, ¶ 1.

41. ARCYBER's Response states: "After a thorough search, we did not locate responsive records for your request." *Id.*

42. ARCYBER's Response lists instructions for submitting an administrative appeal of the reply to the Initial Denial Authority ("IDA") of the U.S. Army. *Id.*, ¶ 2.

43. On September 7, 2025, Cummins emailed ARCYBER FOIA Officer Chiles, requesting contact information for IDA in order to appeal the decision. See Exhibit 2, pg. 14.

44. On September 9, 2025, ARCYBER FOIA Officer Chiles identified the email address that can receive Cummins' appeal. *Id*., pg. 23.

45. On September 10, 2025, ARCYBER FOIA Officer Chiles again emailed, requesting "names and emails of individuals [Cummins] would like email searches completed on." *Id*., pg. 5. (modified). She also requested confirmation of the requested key word searches to be performed. *Id*.

46. On September 17, 2025, Cummins replied, confirming the key word search terms and requesting additional terms searched. See Exhibit 2, pg. 6.

47. On September 18, 2025 (7:46 AM), ARCYBER FOIA Officer Chiles emailed Cummins indicating a need for "names and emails of personnel that [Cummins] would like the search conducted on." *Id*., pg. 6 (modified).

48. On September 18, 2025 (7:55 AM), Cummins responded, requesting that ARCYBER "cite to any law or rule that requires names to be given before a search can be performed". *Id*., pg. 7.

49. On September 18, 2025 (10:50 AM), ARCYBER FOIA Officer Chiles wrote in part:

> ARCYBER is unable to request a search of email [without] names and email addresses . . . It states in the Freedom of Information Act, 5

U.S.C. § 552 and Army Regulation 25-55 that the request needs to be reasonabl[y] describe in order for the agency to conduct a search. The below is not reasonably described."
See Exhibit 2, pg. 13. (modified).

50. ARCYBER's message in ¶ 46 contradicts ARCYBER's prior response, which indicated that ARCYBER had performed "a thorough search, [but] did not locate responsive records for [the] request". See Exhibit 2, pgs. 13, and Exhibit 3, ¶ 1 (modified).

51. On September 20, 2025, Cummins requested a copy of Army Regulation 25-55, and also requested clarification on "whether this is a final determination if [Cummins is] not further amending [the] request[.]" See Exhibit 2, pg. 13. (modified).

52. On September 22, 2025 (9:25 AM), ARCYBER indicated they require an appeal request to be in writing so that ARCYBER may log the request into their tracking system. *Id*., pg. 14.

53. On September 22, 2025 (9:58 AM), Cummins confirmed he "would like to continue with [an] appeal." *Id*. (modified). Cummins also requested further instructions regarding how to submit the appeal. *Id*.

54. On September 22, 2025 (11:40 AM), ARCYBER identified the email address for Cummins to send his appeal. *Id*., pg. 23.

**INITIAL FOIA REQUEST TO CYBERCOM**

9

55. Each paragraph of the foregoing paragraphs 1-54 is repeated and incorporated herein by reference as if fully set forth herein.

56. On November 7, 2025, a separate FOIA request ("CYBERCOM Request") was submitted via email to CYBERCOM. See Exhibit 15, pg. 3.

57. The CYBERCOM Request includes a first subpart asking CYBERCOM to search for and produce: "Final reports, assessments, or executive-level summaries prepared between January 1, 2024, and November 6, 2025, discussing a post-election audit of any 2024 US Federal election, including, but not limited to, the 2024 US presidential election." *Id*.

58. The CYBERCOM Request includes a second subpart asking CYBERCOM to search for and produce: "Communications, briefing materials, or talking points exchanged between United States Cyber Command [] and another federal entity (including but not limited to DHS, ODNI, NSA, CIA, DOJ, ARCYBER, or the White House) between January 1, 2024, and November 6, 2025, regarding any final postelection audit report for any 2024 US Federal election." *Id*. (modified).

59. The CYBERCOM Request includes a third subpart asking ARCYBER to search for and produce: "Internal communications, including emails, Teams or Slack messages, text messages, calendar invitations, call transcripts, and draft documents, exchanged between the United States Cyber Command ('CYBERCOM') staff identifying a post-election audit, 2024 presidential election

10

certification report, or voting system investigation result, from November 5, 2024 to November 6, 2025." *Id*.

60. The CYBERCOM Request sought waiver of all duplication fees in accordance with 5 U.S.C. § 552(4)(A), because there is no commercial interest in the records, and disclosure of the records would be in the interest of protecting the public's right to vote, a right enshrined in the United States Constitution. See *Id*., and also U.S. Const. amend. XIV, § 2 ("the right to vote").

61. On November 17, 2025, CYBERCOM responded with a letter ("CYBERCOM Response") signed by CYBERCOM's FOIA Program Manager, Carmen A. Collins, MLIS. *Id*., pg. 1.

62. CYBERCOM Response assigns the CYBERCOM Request with control number 26-R005. *Id*.

63. CYBERCOM's Response states: "[w]e reasonably believe that we would not have records in our files that are responsive to this request; therefore, a search was not conducted. *Id*. (modified).

64. On November 21, 2025, an appeal of the CYBERCOM Response was submitted. The administrative appeal is attached as Exhibit 9.

### INITIAL FOIA REQUEST TO NSA

65. Each paragraph of the foregoing paragraphs 1-64 is repeated and incorporated herein by reference as if fully set forth herein.

66. On August 4, 2025, an FOIA request was received by NSA ("NSA Request") via electronic submission. See Exhibit 16.

67. The NSA Request includes a first subpart asking NSA to search for and produce: "Final reports, assessments, or executive-level summaries prepared between January 1, 2024, and August 1, 2025, ('time period'), related to records or communications regarding post-election audits, 2024 presidential election certification reports, or voting system investigation or audit results." *Id*.

68. The NSA Request includes a second subpart asking NSA to search for and produce: "Communications, briefing materials, or talking points exchanged between [NSA] and other federal entities (including but not limited to DHS, ODNI, CIA, DOJ, or the White House) during the same period regarding any foreign interference, election audits, or cybersecurity activity related to the 2024 U.S. Presidential election." *Id*.

69. The NSA Request includes a third subpart asking NSA to search for and produce: "All internal communications, including emails, Teams or Slack messages, text messages, calendar invitation, call transcripts, or draft documents, exchanged between [NSA] staff regarding post-election audits, 2024 presidential election certification reports, or voting system investigation or audit results, from November 5, 2024 to the present." *Id*.

70. On August 20, 2025, NSA responded to the NSA Request with an

12

acknowledgment letter. See Exhibit 16.

71. On September 8, 2025, Cummins emailed NSA's FOIA case officer to inquire about the status of the NSA Request. The September 8, 2025 email indicated that time is of the essence considering Federal elections happen every two years.  The email also indicated that NSA Request is not for commercial purposes and in the public interest. See Exhibit 17.

72. On September 17, 2025, Cummins emailed NSA's FOIA case officer again to inquire how to appeal the non-response of the NSA. *Id*.

73. On September 18, 2025, NSA's FOIA case officer emailed Cummins indicating that in some cases NSA cannot comply with the 20 day time period.

74. On December 18, 2025, submitted an administrative appeal to the NSA/CSS FOIA Appeal Authority. See Exhibit 18.

## **FOIA AGENCY APPEALS**

75. Each paragraph of the foregoing paragraphs 1-74 is repeated and incorporated herein by reference as if fully set forth herein.

76. On October 1, 2025 (7:15 AM), Cummins emailed an administrative appeal to the ARCYBER FOIA email address identified by ARCYBER. Exhibit 4.

77. Cummins' Appeal brief is attached as Exhibit 5 ("ARCYBER Appeal").

78. On October 1, 2025 (11:00 AM), Plaintiff received a reply from ARCYBER FOIA Officer Chiles indicating: "Due to a lapse in federal funding, employees are

on furlough. Thus, ARCYBER FOIA office is unable to monitor or respond to email or voicemail until the furlough has ended." See Exhibit 6, pg. 1.

79. The right to appeal to this District Court is not affected by lapse of congressional appropriations funding the Federal government, except to the extent this Court may suspend litigation involving a Federal agency of the United States. See Exhibit 7, ¶ 2.

80. On November 21, 2025 (11:31 AM), Cummins emailed a separate administrative appeal to the CYBERCOM FOIA email address identified by CYBERCOM. See Exhibit 10, and Exhibit 9.

81. On November 25, 2025 (11:01 AM), CYBERCOM responded to the separate administrative appeal indicating CYBERCOM would be "unable to complete [Cummins'] appeal within the statutory time requirement." *Id*. (modified).

82. On December 10, 2025, CYBERCOM sent another letter acknowledging the pending appeal and indicating CYBERCOM does not "maintain" post-election audit reports. See Exhibit 11.

83. On December 18, 2025, submitted an administrative appeal to the NSA/CSS FOIA Appeal Authority. See Exhibit 18 ("NSA Appeal").

84. On January 13, 2026, NSA FOIA case officer emailed Cummins alleging that the "case is still being processed and no adverse determinations have been made; therefore, the case is not ripe for appeal. We are currently conducting a search for

the documents/records you have requested, and will provide additional information once we have completed the search." See Exhibit 19.

### **ARCYBER CONFERENCE CALL AND REQUESTED AFFIDAVIT**

85. Each paragraph of the foregoing paragraphs 1-84 is repeated and incorporated herein by reference as if fully set forth herein.

86. On October 17, 2025 (9:16 AM), Cummins emailed ARCYBER requesting an opportunity to discuss the ARCYBER Request during a conference call. Exhibit 6, pg. 2.

87. Upon returning from furlough, on November 13, 2025 (10:02 AM), ARCYBER responded indicating a willingness to meet with Cummins regarding the ARCYBER Request. *Id*., pg. 3.

88. On November 18, 2025 (10:00 AM), ARCYBER and Cummins participated in a video conference ("Conference") via Microsoft Teams. See Exhibit 13. Invitees included Cummins, and Officers Chiles, Milligan Jr., Kenny, Olsen, and Rabsatt. *Id*.

89. During the Conference, ARCYBER indicated a willingness to provide an affidavit regarding search efforts made in response to the ARCYBER Request. See Exhibit 6, pg. 6.

90. ARCYBER confirmed their willingness to provide the affidavit in an email from November 25, 2025, in which Officer Chiles of ARCYBER stated "I am still

awaiting the affidavit to be sent to me." *Id*.

91. On December 3, 2025 (12:37 PM), ARCYBER emailed a recap of the Conference. The recap indicated that the U.S. agency NETCOM owns the email server that hosts emails that may be responsive to a portion of the ARCYBER Request. Exhibit 6, pg. 7-8.

92. The Requests are not limited to emails; and NETCOM claims to have searched for records but not found any responsive records. See Exhibits 24 and 25.

93. The recap email from December 3, 2025 also indicated that Cummins' "FOIA appeal is still being processed" and that "ARCYBER does not have responsive records to [the ARCYBER Request]". *Id*.

94. On December 3, 2025 (1:04 PM), Cummins sent a response email to ARCYBER addressing the recap. *Id*., pg. 9.

95. The response email clarified the scope for the requested affidavit and requested an estimated time in which ARCYBER would deliver the affidavit. *Id*.

96. Cummins sent a reminder email on December 9, 2025 (6:47 AM) regarding the requested affidavit. *Id*.

97. On December 11, 2025 (11:59 AM), ARCYBER indicated the request for the affidavit is still being processed and has "no estimated time of completion." *Id*. pg. 10.

**PLAINTIFF'S CONSTRUCTIVE EXHAUSTION OF ADMINISTRATIVE REMEDIES**

98. Each paragraph of the foregoing paragraphs 1-97 is repeated and incorporated herein by reference as if fully set forth herein.

99. As of the filing of this Complaint, ARCYBER, CYBERCOM, and NSA have not: (1) made an express final determination of Cummins' Appeals, (2) produced any responsive documents to Cummins' Requests, (3) demonstrated they employed search methods reasonably likely to lead to the discovery of records responsive to Cummins' Requests, or (4) communicated the scope of documents ARCYBER, CYBERCOM, or NSA intends to produce or withhold.

100. Defendants have not provided any sworn affidavits detailing any scope of any searches performed.

101. Given these facts, Defendants have not met their legal obligations to provide the requested records or certify any searches performed.

102. Because Defendants failed to comply within the time period prescribed by law, and because agency appeals were constructively denied, administrative remedies are exhausted and judicial review by this District Court is appropriate.

**RECORDS LIKELY UNDER CONTROL OF ARCYBER, CYBERCOM, AND NSA**

103. Each paragraph of the foregoing paragraphs 1-102 is repeated and incorporated herein by reference as if fully set forth herein.

104. In a sworn affidavit, Zarnowski describes his experience serving the CIA between 2008 and 2011. See Exhibit 12, ¶ 3.

105.   Zarnowski also describes working with the U.S. National Security Agency ("NSA"). *Id*., ¶ 4.

106.   Zarnowski assisted the NSA with monitoring the 2024 Elections for interference and manipulation. *Id*., ¶ 5.

107.   Zarnowski relayed information regarding 2024 Election interference between U.S. Federal agencies. *Id*., ¶ 6.

108.   Zarnowski was informed by an individual that this information was utilized as part of an NSA-authorized audit ("NSA Audit") of November 5, 2024 election data. *Id*., ¶¶ 7-8. The NSA Audit may embarrass US agencies tasked with protecting US elections from illegal activities.

109.   The NSA Audit describes evidence of election irregularities and intentional manipulation, likely by foreign actors. *Id*., ¶ 8.

110.   Based on Zarnowski's familiarity with the NSA Audit, Zarnowski believes that ARCYBER was also involved in the NSA Audit. *Id*., ¶ 9.

111.   Based on Zarnowski's familiarity with the NSA Audit, Zarnowski believes that CYBERCOM was also involved in the NSA Audit. *Id*., ¶ 10.

## COUNT 1

### ARCYBER VIOLATED DEADLINES PER 5 U.S.C. § 552 (A)(6)(A)(II)

112.   Each paragraph of the foregoing paragraphs 1-111 is repeated and incorporated herein by reference as if fully set forth herein.

18

113.   ARCYBER's failure to search and produce responsive materials violated the statutory deadline imposed by the FOIA, 5 U.S.C. § 552 (a)(6)(A)(ii).

114.   All applicable administrative remedies are exhausted with respect to the FOIA Requests. 5 U.S.C. § 552(a)(4)(B).

115.   Cummins is entitled to injunctive relief compelling the search, release, and disclosure of any and all requested records.

116.   Cummins is irreparably harmed by ARCYBER's FOIA violations, and Cummins' harm will continue unless this Court orders ARCYBER to comply with the FOIA.

117.   Cummins is entitled to attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

## COUNT 2

### ARCYBER WRONGFULLY WITHHELD RECORDS PER 5 U.S.C. § 552

118.   Each paragraph of the foregoing paragraphs 1-117 is repeated and incorporated herein by reference as if fully set forth herein.

119.   ARCYBER Request was properly submitted for records within the possession, custody, and control of ARCYBER.

120.   ARCYBER is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records, redact and release responsive records, and to provide a lawful reason for withholding any records in response to the ARCYBER Request.

121.   ARCYBER is wrongfully withholding non-exempt agency records by failing to produce non-exempt records responsive to the ARCYBER Request.

122.   ARCYBER is wrongfully refusing to redact and release agency records responsive to the Request.

123.   ARCYBER's failure to provide all non-exempt responsive records violates FOIA.

124.   ARCYBER's failure to redact and provide responsive records violates FOIA.

125.   Cummins is therefore entitled to declaratory and injunctive relief requiring ARCYBER to promptly produce all responsive records to the ARCYBER Request, and to provide an index justifying the withholding of any responsive records withheld under claim of exemption.

126.   Cummins is also entitled to declaratory and injunctive relief requiring ARCYBER demonstrate their reasonable methods of search to this District Court in camera, and pursuant to the Local Rules and any standing protective order.

127.   Cummins is also entitled to declaratory and injunctive relief requiring ARCYBER to disclose all search results to this District Court in camera, and pursuant to any standing protective order.

128.   Cummins is also entitled to declaratory and injunctive relief requiring ARCYBER to promptly produce all responsive records to the Request, and to

provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## COUNT 3

### CYBERCOM VIOLATED DEADLINES PER 5 U.S.C. § 552 (A)(6)(A)(II)

129.   Each paragraph of the foregoing paragraphs 1-128 is repeated and incorporated herein by reference as if fully set forth herein.

130.   CYBERCOM's failure to respond to search and produce responsive materials violated the statutory deadline imposed by the FOIA, 5 U.S.C. § 552 (a) (6)(A)(ii).

131.   Cummins has exhausted all applicable administrative remedies with respect to his FOIA Request. 5 U.S.C. § 552(a)(4)(B).

132.   Cummins is entitled to injunctive relief compelling the search, release, and disclosure of the requested records.

133.   Cummins is irreparably harmed by CYBERCOM's FOIA violations, and Cummins' harm will continue unless this Court orders CYBERCOM to comply with the FOIA.

134.   Cummins is entitled to attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

## COUNT 4

### CYBERCOM WRONGFULLY WITHHELD RECORDS PER 5 U.S.C. § 552

135.   Paragraphs 1-134 are repeated and incorporated by reference as if fully set

forth herein.

136. The CYBERCOM Request was properly submitted for records within the possession, custody, and control of CYBERCOM.

137. CYBERCOM is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records, redact and release responsive records, and to provide a lawful reason for withholding any records.

138. CYBERCOM is wrongfully withholding non-exempt agency records by failing to produce non-exempt records responsive to the CYBERCOM Request.

139. CYBERCOM is wrongfully refusing to redact and release agency records responsive to the CYBERCOM Request.

140. CYBERCOM's failure to provide all non-exempt responsive records violates FOIA.

141. CYBERCOM's failure to redact and provide responsive records violates FOIA.

142. Cummins is therefore entitled to declaratory and injunctive relief requiring CYBERCOM to promptly produce all responsive records, and to provide an index justifying the withholding of any responsive records withheld under claim of exemption.

143. Cummins is also entitled to declaratory and injunctive relief requiring CYBERCOM demonstrate their reasonable methods of search to this District Court

in camera, and pursuant to the Local Rules and any standing protective order.

144. Cummins is also entitled to declaratory and injunctive relief requiring CYBERCOM to disclose all search results to this District Court in camera, and pursuant to any standing protective order.

145. Cummins is also entitled to declaratory and injunctive relief requiring CYBERCOM to promptly produce all responsive records, and to provide an index justifying the withholding of any responsive records withheld under claim of exemption.

146. Cummins is entitled to attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

## COUNT 5

### NSA VIOLATED DEADLINES PER 5 U.S.C. § 552 (A)(6)(A)(II)

147. Paragraphs 1-146 are repeated and incorporated by reference as if fully set forth herein.

148. NSA's failure to search and produce responsive materials violated the statutory deadline imposed by the FOIA, 5 U.S.C. § 552 (a)(6)(A)(ii).

149. All applicable administrative remedies are exhausted with respect to the FOIA Requests. 5 U.S.C. § 552(a)(4)(B).

150. Cummins entitled to injunctive relief compelling the search, release, and disclosure of any and all requested records.

151. Cummins is irreparably harmed by NSA's FOIA violations, and Cummins'

harm will continue unless this Court orders NSA to comply with the FOIA.

152.   Cummins is entitled to attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

### COUNT 6

### NSA WRONGFULLY WITHHELD RECORDS PER 5 U.S.C. § 552

153.   Cummins repeats and incorporates by reference paragraphs 1-152 as if fully set forth herein.

154.   The NSA Request was properly submitted for records within the possession, custody, and control of NSA.

155.   NSA is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records, redact and release responsive records, and to provide a lawful reason for withholding any records in response to the NSA Request.

156.   NSA is wrongfully withholding non-exempt agency records by failing to produce non-exempt records responsive to the NSA Request.

157.   NSA is wrongfully refusing to redact and release agency records responsive to the Request.

158.   NSA's failure to provide all non-exempt responsive records violates FOIA.

159.   NSA's failure to redact and provide responsive records violates FOIA.

160.   Cummins is therefore entitled to declaratory and injunctive relief requiring NSA to promptly produce all responsive records to the NSA Request, and to provide an index justifying the withholding of any responsive records withheld

under claim of exemption.

161.   Cummins is also entitled to declaratory and injunctive relief requiring NSA demonstrate their reasonable methods of search to this District Court in camera, and pursuant to the Local Rules and any standing protective order.

162.   Cummins is also entitled to declaratory and injunctive relief requiring NSA to disclose all search results to this District Court in camera, and pursuant to any standing protective order.

163.   Cummins is also entitled to declaratory and injunctive relief requiring NSA to promptly produce all responsive records to the Request, and to provide an index justifying the withholding of any responsive records withheld under claim of exemption.

164.   Cummins is entitled to attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).


## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court ORDER ARCYBER, CYBERCOM, and NSA to:

1. Order Defendants to promptly conduct proper and complete searches for all responsive records utilizing their full organizational scope, time frames, and keywords provided by Plaintiff, without requiring specific custodian names and email addresses.

2. Compel in-camera reviews of any responsive records that may be subject to redaction, and any search logs for searches performed in furtherance of fulfilling FOIA requests at issue in this action.

3. Declare that any classification markings applied to the responsive records are invalid and void under Executive Order 13526, Section 1.7, where such classification serves to conceal violations of law, inefficiency, or administrative error, and Order the immediate declassification and release of such records. See Exec. Order No. 13,526, § 1.7, 75 Fed. Reg. 707, 710 (Jan. 5, 2010).

4. Declare that Defendants have failed to satisfy the foreseeable harm standard codified in 5 U.S.C. § 552(a)(8)(A)(i), and Order the immediate release of all records for which Defendants cannot articulate a specific, reasonably foreseeable harm to an interest protected by an exemption.

5. Declare that no exemption under 5 U.S.C. § 552(b) justifies withholding of responsive records.

6. Order Defendants to immediately release responsive records.

7. Order Defendants immediately provide detailed affidavits documenting the search efforts (identifying locations, staff, custodians, and specific search strings used) in the event the search yields a "no records" response or a partial denial.

8. Order Defendants immediately provide affidavits with detailed justifications for redaction of any responsive records to be released.

9. Award Plaintiff just compensation for his time preparing and defending this action against the Defendants.

10. Grant such other relief this Court deems just and proper.


DATED: FEBRUARY 5, 2026

SIGNED: /s/ PATRICK D. CUMMINS

PATRICK CUMMINS, SBN 105801

DEAN CUMMINS LAW PLLC

470 W BROAD ST. #22,

COLUMBUS, OH 43215